UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMY KOCHER, | ) |
|     Plaintiff, | ) No. CV-11-3021-WFN |
| vs. | ) PROTECTIVE ORDER |
| STARPLEX, dba CROWD MANAGEMENT SERVICES, and LIVE NATION WORLDWIDE, INC. | ) |
|     Defendants. | ) |

This Protective Order (hereinafter "Order") is entered pursuant to Federal Rule of Civil Procedure 26(c). The parties have stipulated and agreed, and the Court recognizes, that the parties and non-party witnesses to this action may possess private medical information which is confidential and may be subject to discovery in this action, but which should not be made available to the public generally.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.    The parties may designate materials produced during discovery as "Confidential" pursuant to this Protective Order.  All "Confidential" designations

must be based on the good faith belief that the information constitutes sensitive personal or medical information.

2.  Materials which are designated as "Confidential" will not be made available, delivered, exhibited or disclosed to any person other than the Court, court staff, the named parties, their counsel, counsel's staff and designated experts and witnesses. Designated experts and witnesses will read and agree to be bound by this Order by endorsing the following certification on a copy of this Order, which will be forwarded to opposing counsel <u>before</u> the material is disclosed:

> I certify that I have received and read a copy of the Protective Order in the matter of *Amy Kocher v. Starplex, dba Crowd Management Services, and Live Nationwide Worldwide, Inc., Case No. CV-11-3021-WFN, in the United States District Court, Eastern District of Washington.* I agree to be bound by it and I understand that I may be subject to contempt proceedings in United States District Court, Eastern District of Washington, if I violate it. I further understand that information designated as "Confidential" in this case, and any notes, memoranda or other form of information derived from it, may not be used, copied or disclosed by me to anyone else except in strict accordance with the Protective Order and then only for the prosecution and defense of this litigation. The information I obtain by my involvement in this litigation shall be used for purposes of this litigation only and shall not be used for business, competitive or other purposes. I understand that such use may subject me to a civil action for injunctive relief and/or damages.
>
> Signed this _____ day of _____, at _____.
>
> _____
> Print Name: _____

3. Nothing contained in this Order shall prevent the use of materials designated as "Confidential" at trial, in motions or depositions, with the following safeguards. If such confidential information is used in depositions, the parties shall make arrangements with the court reporter to ensure that all portions of the transcripts of such depositions and exhibits thereto which refer or relate to such confidential information shall be bound separately and labeled as "Confidential Information." In addition, the deponent will be advised that, pursuant to this Order, he/she may not divulge any such confidential information except to the persons entitled to it under paragraph 2, above.

4. At the conclusion of this action, including any appeals, and after the termination of litigation has become final, either party may request the return of all documents labeled as "Confidential Information" that have been produced in this litigation, except those filed with the Court. If such a request is made in writing, the recipient of such request shall return the documents within sixty (60) days from the date of the request.

DATED this 5th day of May, 2011.

                                                  s/ Wm. Fremming Nielsen
                                                  United States District Judge

05-05